UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02551-EWN-MJW

RONALD HEINBAUGH, et al.,

Plaintiff(s),

v.

GENERAL STEEL DOMESTIC SALES, et al.,

Defendant(s).

---

**STIPULATED PROTECTIVE ORDER**

---

Plaintiffs Ronald Heinbaugh, Doug Kruger and Sam Zambon (collectively, "Plaintiffs"), on the one hand, and Defendants General Steel Domestic Sales, LLC, d/b/a General Steel Corporation, Jeffrey Knight, Nathan Wright, Bruce Graham, Lee Bashore, Steven Paige, and John Vivian (collectively, "Defendants"), on the other hand, by and through their respective counsel of record, hereby stipulate to entry of the following protective order in the above-referenced action:

1. <u>Ex-Parte Communications with Putative Class Members</u>: Prior to any certification of the putative class by the court under Fed. R. Civ. Proc. 23, counsel and their staff for Plaintiffs and Defendants are prohibited from initiating or participating in any *ex parte* communications with any putative class member in this action. Nothing in this paragraph shall prevent Defendant General Steel Domestic Sales, LLC, d/b/a General Steel Corporation ("General Steel") from communicating with putative class members in the ordinary course of business as necessary for the design, fabrication, and delivery of buildings previously purchased by said class members. If

either party desires to contact any putative class member except as otherwise permitted by this paragraph 1, such party shall file a motion with the Court identifying who the party desires to contact and the purpose for such contact.

2. <u>Designated Material</u>. Any confidential documents, testimony, information, or material produced, formally or informally, in response to a discovery request in this matter and any material lodged with the court may be designated as confidential by the person or entity producing or lodging it or by any party to this action (the "Designating Person"). All such confidential documents, testimony, information, or material and all information or material derived therefrom constitute "Designated Material" under this Order. The designation may be made to avoid invasions of individual privacy and to protect proprietary information, confidential business or financial information, and/or trade secrets relating to the Designating Person's business, personal, or financial affairs. The designation shall be either "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEY'S EYES ONLY" pursuant to paragraph 3.

3. <u>Criteria for Classification</u>. Designated Material shall be labeled as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" according to the following criteria:

(a) A party or non-party may designate documents, testimony, or information as "CONFIDENTIAL" if the party or non-party making such designation reasonably believes that the documents, testimony, or information embody: (i) sensitive, competitive or other confidential information; (ii) sensitive financial information, including but not limited to budgets, financial statements, profit and loss summaries, and accountant's computations; (iii)

sensitive product information, including but not limited to specifications and designs; or (iv) sensitive marketing and customer information.

(b) A party or non-party may designate documents, testimony, or information as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" if: (i) the party or non-party making such designation reasonably believes that such documents, testimony, or information satisfy the criteria for designating such documents, testimony, or information as "CONFIDENTIAL" pursuant to paragraph 3(a) above and (ii) that the confidentiality of such documents, testimony, or information cannot be adequately maintained so as to protect the reasonable interests of the party or non-party in maintaining their confidentiality, unless the disclosure of such documents, testimony, or information is limited to the persons to whom "CONFIDENTIAL-ATTORNEY'S EYES ONLY" documents, testimony, or information may be disclosed pursuant to this Order.

4. Access. Designated Material shall not be used or disclosed for any purposes other than the litigation of this or related matters. Pursuant to paragraph 3, any party or non-party who either produces documents or information, provides written discovery responses, or testifies in this action may designate such documents, responses, testimony, or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such designated material may be disclosed only as follows:

(a) Material designated as "CONFIDENTIAL" may be disclosed to: (i) the parties; and (ii) those individuals to whom Designated Material may be disclosed under the terms of paragraph 4(b) below.

(b) Material designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may be disclosed to:

(i) counsel of record for parties to this action, legal associates, and their regularly employed office staffs. Such documents, testimony, and information SHALL NOT be disclosed to the officers, directors, members, and/or employees of parties to this action, except as provided herein.

(ii) any non-party support service including, but not limited to, outside court reporting services and court reporters as may be necessary in connection with preparation for or conduct in this action.

(iii) expert witnesses or consultants retained by the parties or their respective attorneys and the employees of such experts or consultants who are assisting them in connection with this action, provided that the requirements of paragraph 4(c) below have been satisfied, and

(iv) the court and its personnel.

(c) <u>Disclosure to Experts or Consultants</u>. All Designated Material may be disclosed to experts or consultants who have agreed in writing or on the record of a deposition to be bound by this Order and who certify in writing before disclosure is made to them that they are not a competitor of any party to this action. Before disclosure can be made to any prospective expert or consultant that expert or consultant must be approved by the party affected by the potential disclosure. To obtain approval, counsel shall identify the prospective expert or consultant to the other parties and provide a brief description of the consultant's business, qualifications, and past and present affiliations. The notified parties shall have ten (10) days from their receipt of the notice to deliver to the notifying party and to serve on all other parties their written objections, if any. Upon timely objection, disclosure to the consultant shall not be

made, subject to a successful motion for relief made by the party objecting to the consultant. The moving party shall have the burden of establishing that good cause exists for such an order, and shall seek to have the matter heard at the earliest possible date. Absent timely objection, the expert or consultant shall be deemed approved and the Designated Materials may be shown to that individual.

(d) Copies. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 10 of this Order.

(e) Custody of Designated Materials. All documents containing information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" and notes or other records regarding that information shall be maintained in the custody of counsel of record for the parties, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location, other than an office of such counsel not on the premises of a party, except that experts or consultants may retain documents on a temporary basis for purposes of study, analysis, and preparation of the case. A person with custody of Designated Material shall maintain it in a manner that limits access to qualified persons.

(f) Authors and Addressees. The designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall not preclude any party from showing the document to any person who appears as an author, addressee, or recipient on the face of the document.

5. Designating Documents. When a party producing documents wishes to designate some portion as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," such

designation shall be made by placing an appropriate legend on each page of the document prior to production. For declarations, written discovery responses, filings, or pleadings, the proper legend must be placed both on the face of the document and on any particular designated pages of such document.

6. <u>Time of Designation</u>. Unless otherwise agreed between counsel for the parties, the designation of confidential documents, testimony, and information shall be made at the following times: (a) for documents, at the time of the production of documents; (b) for declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first; (c) for testimony, either (i) at the time that such testimony is given, or (ii) within fourteen (14) days after the receipt by the Designating Person of the transcript of such testimony. To the extent a party or non-party does not timely designate documents or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" such party or non-party may so designate testimony as provided under paragraph 7, below.

7. <u>Subsequent Designation</u>. Documents, declarations, written discovery responses, and pleadings may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" within the time periods set forth in paragraph 6. Testimony may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" only within the time periods set forth in subparagraph 6(c) above, unless otherwise agreed to by counsel for the parties in writing or ordered by the court. Such retrospective designation shall be made in writing by the party or non-party making the designation. At the time of making such retrospective designation, it shall be the obligation of the party or non-party making such retrospective designation to provide the other party (or in the case of a non-party, both parties)

with a revised copy of the transcript of such deposition or testimony in which: (a) any pages of such transcript containing testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" have been properly marked in accordance with paragraph 5, above, and placed in a separately bound, conspicuously marked transcript and (b) all other pages of the transcript have been placed in a different, separately bound transcript. Persons or parties to whom such documents, declaration, pleadings, transcripts, or testimony have previously been disclosed shall not be responsible for any disclosure inconsistent with the new designation having taken place prior to the actual receipt by such persons or parties of the writing making such new designation.

8. <u>Objections</u>. A party may challenge the propriety of any designation under this Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged, state the basis for each challenge, and propose a new designation for each item. The challenged material shall be deemed re-designated as proposed unless within ten (10) days after service (or fifteen (15) days if service is by mail) the Designating Person has filed and served a motion for a protective order to maintain the original designation or has otherwise designated the material. The original designations shall remain effective until ten (10) days after entry of an order re-designating the materials and during the pendency of any writ petition filed within the ten (10) day period. With respect to any motion for a protective order to maintain the original designation of material to which an objection to such designation has been made, the Court may award reasonable attorneys' fees and costs incurred in bringing or defending the motion as provided for in Fed.R.Civ.Pro. 26 and 37.

9. <u>No Prejudice</u>. The parties hereby agree that: (a) nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery; (b) this Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place; and (c) unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

10. <u>Final Disposition</u>. Within thirty (30) days of termination of this action, including any appeals, counsel for parties in possession of documents or other material marked "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEY'S EYES ONLY" shall cause all such documents or other material marked or otherwise designated as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEY'S EYES ONLY" in its possession, custody or control, or in the possession, custody or control of its consultants or experts, including copies, extracts and summaries, to be destroyed or returned to counsel for the party producing the document or other material, as directed by counsel for the producing party with counsel providing certification of their destruction. If the producing party directs that such documents or other materials be returned to counsel for the producing party, counsel for the producing party shall provide a written list of the specific documents or other materials that it wants returned, and counsel for the possessing party shall have thirty (30) days upon receipt of the written list to return such specified documents or other materials. If such specified documents or other materials are not returned within thirty (30) days of receipt of the written list, counsel for the producing party shall give counsel for the possessing party written notice of such failure and counsel for the possessing

party shall have ten (10) days to cure such failure before counsel for the producing party may seek to enforce this provision.

11.     <u>Modification and Survival</u>. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of the court. This Order shall survive termination of this matter.

Dated: February 29, 2008.                    Respectfully submitted,

<u>s/ Paul M. Grant</u>
Paul M. Grant (Reg. No. 26517)
Grant Law PC
29713 Troutdale Scenic Dr., #2C
Evergreen, CO 80439
Telephone: (303) 531-6848
Fax: (303) 526-9175
pgrant@grantlawpc.com

Todd M. Starr (Reg. No. 27641)
112 W. Montezuma, Suite 4
Cortez, CO 81321
Telephone: (970) 565-8581
Fax: (970) 565-3836

Attorneys for Plaintiffs

<u>s/ Robert J. Shilliday III</u>
Robert J. Shilliday III (Reg. No. 35595)
David A. Palladino (Reg. No. 31479)
General Steel Corporation
1075 South Yukon Avenue, Suite 280
Lakewood, Colorado 80226
Telephone: (720) 963-4952
FAX: (720) 963-4995
robert.shilliday@gensteel.com

Attorneys for Defendants

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　3-3-08

Michael H. Watanabe
United States Magistrate Judge